**FILED**

FEB - 9 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          )
c/o United States Attorney's Office )
555 Fourth St., N.W.,               )
Washington, DC 20530,               )
                                    )
                Plaintiff,          )
                                    )          CASE NUMBER   1:07CV00307
        v.                          )
                                    )          JUDGE: Richard W. Roberts
                                    )
911 Booker Drive                    )          DECK TYPE: General Civil
Capitol Heights, Maryland 20743,    )
                                    )          DATE STAMP: 02/**7**/2007
                Defendant.          )
                                    )
_____)

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its attorney, the United States

Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance

with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.      This is a civil action, *in rem*, to forfeit and condemn to the use and benefit of the

United States of America the following property:  911 Booker Driver, Capitol Heights, Maryland

20743 (hereinafter, "the defendant property"), through enforcement of 18 U.S.C. § 981(a)(1)(C),

incorporating by reference 18 U.S.C. § 1956(c)(7), incorporating by reference 18 U.S.C. §

1961(1), which provides for the forfeiture of property constituting or derived from proceeds

traceable to mail fraud, in violation of 18 U.S.C. § 1341, and enforcement of 18 U.S.C. §

981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in

a money laundering offense in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960.

1

## THE DEFENDANT IN REM

2.    The defendant property is more fully described as follows:

911 Booker Driver, Capitol Heights, Maryland 20743, further described as follows:

Lot numbered Thirty-two (32) in Block lettered "B" in the subdivision known as "SECTION ONE, HIGHLAND GARDENS" as per plat recorded in Plat Book WWW36, Plat No 21, among the Land Records of Prince George's County, Maryland.

## JURISDICTION AND VENUE

3.    Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.    This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c). In accordance with 18 U.S.C. § 985(b)(1)(A), the defendant property will not be seized until the entry of an order of forfeiture.

5.    Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASES FOR FORFEITURE

6.    The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to mail fraud (in violation of 18 U.S.C. § 1341) and pursuant to 18 U.S.C. §

-2-

981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960.

7.      Reginald Jerome Rogers, hereinafter referred to as "Rogers" did business as an attorney licensed to practice law in the District of Columbia and from his home in Bowie, Maryland. As part of his business activities, Rogers would handle the financial affairs of elderly individuals ("clients") and their estates in the Washington, DC metropolitan area.

8.      From in or about 1998 through the present, in the District of Columbia and elsewhere, Rogers, fraudulently obtained money and property from his elderly clients, through false pretenses, representations and promises.

9.      Rogers obtained control over the financial affairs of his clients by having them sign documents entitled "general power of attorney," "durable power of attorney" and "living trust."

10.     Rogers, through various misrepresentations and omission of material facts, induced clients to turn over control of their moneys, funds and property, including savings bonds, bank accounts and checkbooks. Thereafter, without the knowledge and approval of the clients, Rogers used clients' monies, funds and property to pay his personal expenses, including among other things, telephone bills, credit card bills, consumer products, property purchases, automobile payments and college expenses.

11.     Rogers caused bank statements and other documents relating to clients to be sent to addresses that he controlled, in order to conceal his diversions and unauthorized use of the clients' monies, funds and property.

-3-

## **911 Booker Dr., Capitol Heights, Maryland**

12.    One of Rogers' clients, David E. Daniel, Sr., passed away leaving the real property

of 911 Booker Dr., Capital Heights, Maryland, to his sister, Pauline D. Harvey.  Harvey, being

elderly herself, was persuaded by Rogers to sell the subject property to Rogers rather than

attempt to maintain it.  Rogers agreed to take over the existing mortgage which was

approximately $52,045.82, and to pay Harvey an additional $40,000.00 for the property.

13.    The following transactions denote how Rogers made payments to Harvey to

purchase the subject property, utilizing funds from the accounts of other victims.

14.    On or about September 20, 2002, Rogers makes two transfers, $1,800.00 and

$9,000.00,  from First Union Bank account number XXXXXXXXX9845 in the name Danzel

Lewis, (a Rogers' victim)  to Rogers' First Union Bank account number XXXXXX1094.

15.    On or about the same date, Rogers writes two checks payable to Pauline Harvey,

check number 1945 in the amount $1,000, and check number 1947 in the amount $9,000, drawn

from his First Union Bank account number XXXXXX1094.

16.    On or about October 10, 2002, Rogers transferred $6,000 from First Union Bank

account number XXXXXXXXX9845 in the name Danzel Lewis, to Rogers First Union Bank

account number XXXXXX1094.

17.    On the same date, Rogers transferred $9,500 from his First Union Bank account

number XXXXXX1094, to another account he maintained at First Union Bank, account number

XXXXXX4217.

18.    On or about October 11, 2002, Rogers writes two checks payable to Pauline

Harvey, check number 1475 in the amount $9,000 and check number 1476 in the amount $1,000

-4-

from his First Union Bank account number XXXXXX4217.

19.     On or about January 8, 2003, Rogers, wrote two checks from Bank of America account number XXXXXXXX7941 in the name of the Estate of John Henderson (another Rogers' victim).  The first check number 356, was in the amount $9,000, and the second check, number 357, was in the amount $1,000, both of which were deposited into Rogers' First Union Bank account number XXXXXX4217.

20.     On or about January 10, 2003, Rogers wrote two checks payable to Pauline Harvey, check number 1388 in the amount $1,000, and check number 1389 in the amount $9,000, drawn from his First Union Bank account number XXXXXX4217.

21.     On or about April 3, 2003, Rogers wrote two checks from Riggs Bank account XXXX4093 in the name Minnie Beane (another Rogers' victim).  The first check, number 192 in the amount $5,000 and the second check, number 193 in the amount $5,000, both of which Rogers deposited into his First Union Bank account XXXXXX4217.

22.     On or about April 8, 2003, Rogers wrote two checks payable to Pauline Harvey, check number 1713 in the amount $9,000 and check number 1714 in the amount $1,000, drawn from his First Union Bank account number XXXXXX4217.

23.     From  approximately September 20, 2002, to April 8, 2003, Rogers fraudulently diverted at least $36,800 in funds from three different victims' accounts, deposited the funds into First Union Bank accounts XXXXXX1094 and XXXXXX4217, in his name, and then made eight payments totaling $40,000 to Pauline Harvey for the purchase of the defendant property.

24.     On May 14, 2003, Rogers filed a Deed reflecting the transfer of ownership of the subject property from Pauline Harvey to Reginald J. Rogers and Francesse A. Rogers, for the

sum of $52,045.82, the amount of the existing mortgage previously held by Harvey. Rogers did not reflect the additional $40,000 in payments made to Harvey as part of the sales price.

25.    Rogers was indicted for mail fraud in conjunction with the scheme outlined above. On July 26, 2006, a jury sitting in U.S. District Court, District of Columbia, found Rogers guilty of thirteen (13) counts of Mail Fraud (18 U.S.C. § 1341). The jury further determined that Rogers obtained $385,000 in criminal proceeds as a result of his mail fraud scheme.

## COUNT I

26.    All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

27.    As described above, the defendant property constitutes or is derived from proceeds traceable to violation of 18 U.S.C. § 1341.

28.    By reason of the above-described facts, the defendant property is subject to forfeiture to the United States pursuant to the provisions of Title 18, U.S.C. § 981(a)(1)(C).

## COUNT II

29.    All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

30.    The defendant property is subject to forfeiture because it was involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of mail fraud (18 U.S.C. § 1341), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

-6-

31.    As such, the defendant property was involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT III

32.    All statements and averments made in paragraphs 1-25 are re-alleged and incorporated, herein, by reference.

33.    The defendant property was involved in a violation of 18 U.S.C. § 1957(a) because its purchase involved a "monetary transaction" as that term is defined by 18 U.S.C. § 1957(f)(1), that was greater than $10,000.00 in value involving the proceeds of mail fraud, a specified unlawful activity.

34.    As such, the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, the United States of America prays that process of warrant issue for the arrest of the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610

WILLIAM R. COWDEN
Assistant United States Attorney
DC Bar No. 426301

DIANE G. LUCAS
Assistant United States Attorney
DC Bar No. 443610
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912

-8-

## **VERIFICATION**

I, John Cotter, a Special Agent for the Federal Bureau of Investigation, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___2___ day of February, 2007.

_/s/_ _____
John Cotter
Special Agent
Federal Bureau of Investigation

07 0307
**FILED**

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E
07-307
RWR

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS Property Identified As |
|---|---|

**I (a) PLAINTIFFS**
United States of America

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _UND 1_
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Property Identified As
911 Booker Drive
Capitol Heights, MD 20743

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRAC

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Diane Lucas & William R. Cowden
Asst. U.S. Attorneys, 555 4th St. NW,
Washington DC 20530

ATTO

CASE NUMBER  1:07CV00307

JUDGE: Richard W. Roberts

DECK TYPE: General Civil

DATE STAMP: 02/̶9̶/2007

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

(X) 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZENSHI
FOR PLAINTIFF AND

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☒ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ⓧ ORIGIN**

| ⊠ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

18 U.S.C. Section 981(a)(1)(A) and 981(a)(1)(C) Money Laundering Forfeiture

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ⊠ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ⊠ YES ☐ NO    If yes, please complete related case form.

DATE 2/9/07     SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED
FEB - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT